JANUARY TERM, 1882, No. 119.                    MARCH 21ST, 1882.

## Petry's Appeal.

1. Where a firm had been in the habit of selling upon credit, and by articles of dissolution the liquidating partners were given full discretionary power in the collection of the debts, they ought not to be surcharged with loss arising from a private sale upon credit of goods of the firm made without bad faith to an irresponsible purchaser.

2. Such liquidating partners have power to make a private sale upon credit.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Appeal from the decree of the Court of Common Pleas, No. 1, for *Philadelphia County.*

Bill in equity for an account by Nicholas Petry and Rollins M. Braithwait against August Geissel and John Bayha.

After answer filed, denying the allegations of the bill, the case was referred to Hampton L. Carson, as master, who found the material facts substantially as follows:

The complainants and defendants had been partners in the business of making and selling carriages under an agreement executed May 14th, 1867. The partnership was dissolved January 15th, 1877, by agreement, which provided, *inter alia,* " that August Geissel and John Bayha be and they are hereby appointed trustees for the following purposes, that is to say, to collect all debts now due to the said partnership, or that may hereafter become due to the same, and retain the same, to pay all debts as far as possible now or hereafter to become due by the said partnership, or any indebtedness due or hereafter to become due against the same, and any surplus to be equally divided between the said parties and partners hereinbefore mentioned, each and every of the said partners holding himself at all times hereafter responsible for his share (being one-fourth) of the indebtedness of the said firm. The said August Geissel and John Bayha are hereby given full discretionary powers in the collection of debts due said partnership, whether to make allow-

ances or discounts in the collection of said debts, or whether to compel the payment of the whole thereof, unless all the said partners shall agree upon a certain sum due by any debtor, in which case the said August Geissel and John Bayha shall be bound by said agreement."

Among the assets of the late firm were two carriages, which, three years before the dissolution, had been sent to Clark & Co., of Chicago, to sell, and were charged to them at $2000. By direction of the trustees they were repaired at an expense of $190, and were sent to Cincinnati, where one of them was sold to a hackdriver on credit July 16th, 1877, for $950. The driver made several payments, but the balance of $728.13 proved to be uncollectible. The sale was made by direction of the defendants, after inquiry as to the financial responsibility of the driver. A customer and correspondent for years of the firm said of the driver that whatever credit he wanted might be given him, and that he was a man of his word, hardworking and industrious. He owned no stable, but rented part of one.

The master reported that he found no evidence of a custom of the firm before dissolution to sell on credit. "There is testimony to show that sometimes sales were made on credit, that in some of these sales the credits were secured by mortgage under the Ohio law, and by leases, but there was no evidence of a custom continuous and certain of either plan."

The complainants claimed that the sale on credit to an irresponsible hackdriver, upon irresponsible recommendation, was an act of such gross negligence as to justify the master in charging defendants with the loss.

The master reported, *inter alia*, that it was purely and simply a question of power, and that the question, whether liquidating partners charged with the duty of winding up the affairs of a firm after dissolution have the power to make a private sale on credit of a part of the joint stock, had never been decided. After reviewing at length the cases bearing on the subject, he found that the sale of the carriage on credit was beyond the power of the defendants, and that they must, therefore, be surcharged with the loss, amounting to $728.13.

The defendants filed exceptions, *inter alia*, to this finding, which the Court, June 18th, 1881, sustained.

The plaintiffs then appealed, assigning as error, *inter alia*, that the Court erred in sustaining defendants' exceptions to the report of the master.

*Hector T. Fenton*, for appellants.

In Pennsylvania there is a dearth of authority on this express point; a liquidating partner may borrow money to pay debts, but there are no cases which can be said to hold that he may sell the assets, of which he is a trustee, on credit, and so practically continue the business at the risk of the *cestui que trust.* The powers of liquidating partners are not such as they previously had prior to dissolution, but are limited to those only which are necessary to effect a winding up of the concerns of the partnership: Parsons on Partnership, 3d edition, *393; Lindley on Partnership, vol. ii., page 1076. Considered as trustees, which these appellees are by the terms of the articles of dissolution, and applying to them the rules of law applicable to trustees, they would not be authorized to sell the trust property on credit, and thus convert it into an unsecured personal promise to pay, without express authority in the trust deed: Perry on Trusts, section 453, citing 5 Barr, 377.

*Joseph L. Tull,* for the appellees.

The master has mistaken the rights and powers of a liquidating partner in closing and winding up the firm business when he denies to him the power and authority to sell, assign, and transfer any part or the whole of the firm property in the way the regular business of the firm was conducted.

All the authorities agree upon this point, and several citations are used from leading text-books upon this subject: Story's Partnership, section 328; Lindley, page 426; Collyer, section 546; Parsons, page 388; Robbins *v.* Fuller, 24 N. Y., 570; Gannett *v.* Cunningham, 34 Maine, 56; Houser *v.* Irvine, 3 W. & S., 345.

In Pennsylvania the cases show enlarged powers which may be exercised by a liquidating partner, for we find that he may borrow money, may renew accommodation indorsement, may give notes in settlement of partnership liability, may indorse notes for the purpose of raising money, can bind the firm by submission to arbitration, and can transfer the assets of the firm for the benefit of the creditors.

APRIL 3D, 1882.—PER CURIAM: We concur entirely in the decree of the Court below upon the master's report. No bad faith in the appellees was pretended. The articles of dissolution gave them an unlimited discretion in settling with debtors. The firm had been in the habit of selling on credit. The appellees were equally interested with the appellants in all sales, and though the sale in question may have been an error, it was but an error in judgment, and it would be a

harsh rule to apply to them, acting without compensation, to hold them responsible for such an error.

Decree affirmed and appeal dismissed at the costs of the appellants.